# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT M. SCHARRINGHAUSEN,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br><br>UNITED STATES OF AMERICA and<br>INTERNAL REVENUE SERVICE,<br><br>　　　　　　　　　　Defendants. | CASE NO. 06CV2167 JLS (CAB)<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND, and (2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE**<br><br>(Doc. Nos. 19, 23) |
|---|---|

　　　Presently before the Court is the United States of America's ("defendant") motion to dismiss for failure to state a claim Robert M. Scharringhausen's ("plaintiff") first cause of action for an unauthorized collection action. (Doc. No. 19.)  Because defendant first answered the complaint before filing the motion, the motion was untimely.  Nonetheless, the Hon. M. James Lorenz previously ruled that defendant's motion would not be stricken, but instead construed as a motion for judgment on the pleadings. (Doc. No. 23.)  For the reasons stated below, the Court **GRANTS** defendant's motion.

　　　Although the parties agreed to stay discovery pending the Court's ruling on defendant's motion for judgment on the pleadings, defendant has also filed a motion for summary judgment on plaintiff's second cause of action for a violation of the Freedom of Information Act ("FOIA").  For the reasons stated below, the Court **DENIES WITHOUT PREJUDICE** the motion for summary

judgment, pursuant to FRCP 56(f).

**BACKGROUND**

**A.     Factual Background**

On March 20, 2003, the United States (the defendant in this action) filed a complaint in this district court against Scharringhausen (the plaintiff in this action) to reduce to judgment outstanding federal tax assessments, including plaintiff's personal income tax liabilities for 1991-92 and trust fund recovery penalties for periods ending December 31, 1990 and September 30, 1991.  (Compl. ¶ 1; Am. Answer ¶ 1; see 03cv551, Doc. No. 1 ¶¶ 8, 15, 21, 27.)  On November 4, 2003, default judgment was entered against Scharringhausen in the amount of $488,307.96.  (Compl. ¶ 2; Am. Answer ¶ 2; see 03cv551, Doc. No. 17.)  On April 19, 2004, the United States's motion to compel post-judgment discovery was granted. (Compl. ¶ 4; Am. Answer ¶ 4; see 03cv551, Doc. No. 26.)  At the hearing on the discovery motion, Scharringhausen appeared for the first time.  (Memo. ISO MJP, at 2-3.)   Subsequently, Scharringhausen was ordered to pay $2,092.93 of fees and costs that the United States reasonably incurred in bringing its discovery motion.  (Compl. ¶ 4; Answer ¶ 4; see 03cv551, Doc. No. 30.)  After tolling the deadline for filing a motion for reconsideration, the court ultimately denied Scharringhausen's motion to set aside the default judgment.  (Compl. ¶¶ 8, 10; Am. Answer ¶¶ 8, 10; see 03cv551, Doc. Nos. 67 & 85.)  Scharringhausen appealed the Order denying the motion to set aside the default judgment, and the Ninth Circuit affirmed.  (Compl. ¶ 12; Memo. ISO MJP, at 3; see 03cv551, Doc. No. 92.)

On October 13, 2005, Scharringhausen's counsel submitted an FOIA request to the IRS Disclosure Office for "all documents relating to the Trust Fund Recovery Penalties for tax period ending December 31, 1990 and September 30, 1991 which were assessed against Mr. Scharringhausen relating to the entities, Scharringhausen, Inc. and Pantera Construction, Inc." (Compl. ¶ 13 & Exhibit 1; Am. Answer ¶ 13.)  IRS Disclosure Officer Gary T. Prutsman responded to counsel's FOIA request on November 2, 2005, representing that, within petitioner's 160-page file, four pages were "sanitized" and twenty-three pages withheld pursuant to various FOIA exemptions.  (Compl. ¶ 14 & Exhibit 2.)  The withheld pages included the Suit Letter that the IRS prepared when it referred the matter to the Department of Justice to institute the civil

1  action to reduce the unpaid assessments to judgment.  (Id. Exhibits 1-2.)  The IRS response further
2  indicated that Scharringhuasen's 1990 trust fund recovery penalty file was "destroyed per normal
3  records retention policies."  (Id. Exhibit 2.)
4        On December 9, 2005, Scharringhausen appealed the Disclosure Officer's decision on the
5  FOIA request.  (Compl. ¶ 15 & Exhibit 3; Am. Answer ¶ 15.)  Appeals Team Manager Marge
6  Field responded to the appeal in writing on February 3, 2006, releasing two previously redacted
7  pages in their entirety but otherwise affirming the Disclosure Officer's decision to withhold and
8  redact the remaining pages.  (Id. Exhibit 4.)  Ms. Field also confirmed that the IRS had no records
9  relevant to Scharringhausen's trust fund recovery penalty file.  (Id.)  Scharringhausen then filed an
10 administrative claim for damages on March 17, 2006.  (Compl. ¶ 18; Am. Answer ¶ 18.)  After six
11 months passed with no response from the IRS (Def. Memo. ISO MJP, at 3), Scharringhausen
12 initiated the present action.

13 **B.      Procedural Background**

14       On September 29, 2006, plaintiff filed his complaint.  (Doc. No. 1.)  The first cause of
15 action sought civil damages for an unlawful collection action.  (Id. at 4.)  Specifically, plaintiff
16 alleged that the IRS authorized the Department of Justice to initiate the 2003 action, even though
17 the IRS knew that it lacked evidentiary support for its trust fund recovery penalties claim.  (Id. ¶
18 22.)  The second cause of action requested production of withheld records pursuant to the FOIA.
19 (Id. at 5.)

20       Defendant answered the complaint on December 21, 2006 and amended its answer by
21 leave of Court on May 2, 2007.  (Doc. Nos. 3 & 18.)  Defendant then filed a motion to dismiss the
22 first cause of action pursuant to FRCP 12(b)(6) on June 26, 2007.  (Doc. No. 19.)  The Hon. M.
23 James Lorenz issued an Order to show cause on June 28, 2007, demanding that defendant show
24 why its motion should not be stricken as untimely.  (Doc. No. 20.)  After receiving briefs from
25 each side, Judge Lorenz ruled that the motion was untimely but would nonetheless be construed as
26 a motion for judgment pleadings pursuant to FRCP 12(c). (Doc. No. 23.)  Plaintiff filed his
27 opposition to the motion on August 16, 2007.  (Doc. No. 24.)  Defendant replied on August 28,
28 2007.  (Doc. No. 26.)  After Judge Lorenz took the motion under submission, and while the motion

1 remained pending, the action was reassigned the Hon. Janis L. Sammartino on October 2, 2007.

2 On November 15, 2007, defendant moved for summary judgment on the second cause of
3 action. (Doc. No. 32.) Plaintiff filed his opposition on February 29, 2008, requesting that the
4 Court deny or continue the motion to give the plaintiff an opportunity to conduct discovery. (Doc.
5 No. 35.) Defendant filed its reply on March 7, 2008. (Doc. No. 36.)

## MOTION FOR JUDGMENT ON THE PLEADINGS

**A.     Legal Standard**

"After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings attacks the legal sufficiency of the claims alleged in the complaint. This Court must construe "all material allegations of the non-moving party as contained in the pleadings as true, and [construe] the pleadings in the light most favorable to the [non-moving] party." Doyle v. Raley's Inc., 158 F.3d 1012, 1014 (9th Cir. 1998). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001); accord Spivey v. Ohio, 999 F. Supp. 987, 991 (N.D. Ohio 1998) (where motion for judgment on the pleadings raises a Rule 12(b)(6) defense, court properly applies the standard for a Rule 12(b)(6) motion).

**B.     Analysis**

Internal Revenue Code § 7433 creates a cause of action for damages associated with an unauthorized collection action. Subsection (a) reads, in relevant part:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

Besides the citation to this statute (which gives life to the cause of action but otherwise imposes no

1 legal duties), plaintiff fails to cite to any other statute or regulation that the IRS disregarded in
2 connection with the collection of federal tax from plaintiff. In Shwarz v. United States, the Ninth
3 Circuit affirmed the district court's dismissal of a § 7433 cause of action for failure to state a claim
4 because the plaintiff alleged violations of the IRS Manual and National Policy Statement, but no
5 Internal Revenue Code provision or regulation. 234 F.3d 428, 433-34 (9th Cir. 2000); accord
6 Gonsalves v. Internal Revenue Serv., 975 F.2d 13, 16 (1st Cir. 1992) (finding that § 7433 claim
7 failed because it was predicated on statements in taxpayer publications, rather than a statute or
8 regulation); Ludtke v. United States, 84 F. Supp. 2d 294, 302 (D. Conn. 1999) (denying motion for
9 reconsideration of dismissal of § 7433 claim where complaint failed to cite a particular statute or
10 regulation); White v. Comm'r of Internal Revenue, 899 F. Supp. 767, 772 (D. Mass. 1995)
11 (holding that allegations of generalized "reckless" IRS conduct were insufficiently specific to
12 establish that the IRS disregarded a provision of the Internal Revenue Code or accompanying
13 regulation).

14 Applied to these facts, the Court finds that plaintiff's first cause of action is legally
15 insufficient because plaintiff failed to articulate the particular statute or regulation that the IRS
16 disregarded. Although FRCP 8(a)(2) only requires "a short and plain statement of the claim
17 showing that the pleader is entitled to relief," the existing case law establishes that a § 7433 cause
18 of action falls short when the complaint does not cite a particular statute or regulation. E.g.,
19 Shwarz, 234 F.3d at 433-34. Plaintiff cites no cases where a § 7433 claim survived a Rule 12
20 motion without citing the applicable Internal Revenue Code provision or Treasury regulation.
21 Plaintiff argues that he must conduct discovery before he can determine the specific statutes and
22 regulations that the IRS violated. This argument misconstrues the nature of the Rule 12 inquiry,
23 wherein the Court accepts all the complaint's allegations as true and determines whether those
24 allegations state a claim for relief. If plaintiff discovers additional violations during discovery,
25 plaintiff may seek leave to amend the complaint to conform to the new evidence. However, the
26 Court cannot allow plaintiff to go forward unless the plaintiff first pleads a viable cause of action
27 for relief.

28 The Court rejects defendant's argument that leave to amend should be denied because

plaintiff failed to plead legally cognizable damages. Specifically, defendant argues that plaintiff is erroneously seeking to recover the amounts owed pursuant to lawful judgments that the Department of Justice obtained in the March 2003 action. Defendant misunderstands the plain language of § 7433's subsection on damages, which reads as follows:

> In any action brought under subsection (a) [for unauthorized collection actions], upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000 in the case of negligence) or the sum of—
>
> (1) actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and
>
> (2) the costs of the action.

26 U.S.C. § 7433(b). Even if the Court presumes that plaintiff suffered no economic damages as a proximate result of the IRS's liability for violating any relevant statute or regulation, plaintiff would still be entitled to statutory damages or the costs of the civil action, whichever amount is less.[1]

Therefore, although plaintiff's first cause of action fails to state a claim because it does not identify a specific statutory provision or regulation, the Court will grant plaintiff leave to amend this cause of action.

## MOTION FOR SUMMARY JUDGMENT

**A.     Rule 56(f) Standard**

Pursuant to FRCP 56(f), "[i]f a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion[.]" Where the opposing party needs discovery to obtain essential facts, the district court has the discretion to deny or continue the summary judgment motion. Cal. Union Ins. Co. v. Am. Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990); In re Imperial Credit Indus., Inc. Sec. Litig., 252 F. Supp. 2d 1005, 1016 (C.D. Cal. 2003). The district court

---

[1] Defendant provides no authority for its third argument that the entry of a default judgment in the prior action categorically precludes plaintiff from bringing a § 7433 claim for any unlawful conduct in collecting the federal tax assessments that gave rise to the prior action. Therefore, the Court likewise finds that this argument does not preclude the Court from granting leave to amend.

1  abuses its discretion by denying further discovery where the party opposing summary judgment
2  has diligently pursued discovery in the past and shows how the sought discovery would preclude
3  summary judgment.  Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox
4  Co., 353 F.3d 1125, 1130 (9th Cir. 2004) (quoting Cal. Union Ins., 914 F.2d at 1278).

**B.    Analysis**

Both sides represent that the parties stayed discovery pending the resolution of defendant's motion for judgment on the pleadings.  (Pl. Opp. to MSJ, at 6; Def. Reply ISO MSJ, at 3.)  At the time that the parties stayed discovery, they had been in protracted negotiations to arrange the deposition of Revenue Officer R. Osterhaus.  (Pl. Opp. to MSJ, Exhibits A-C; Fahey Decla. ¶ 6.)  The parties also had created a joint discovery plan naming specific witnesses.  (Pl. Opp. to MSJ, at 7.)  Therefore, the Court finds that plaintiff diligently pursued discovery in the past.

Plaintiff further represents that the documents actually obtained through his FOIA request contain various codes and shorthand abbreviations.  Plaintiff claims that deposing the IRS person(s) more knowledgeable may assist plaintiff in understanding the significance of the documents actually received and arguing why the IRS also should have provided access to the withheld documents.  (Pl. Opp. to MSJ, at 8.)  Also, the joint discovery plan identified two witnesses who submitted declarations in support of defendant's motion for summary judgment: Jason A. Bremer, branch docket attorney in the IRS Office of the Associate Chief Counsel, and Joann Carr, advisory group manager in the IRS Business/Self-Employed Cal-West Advisory Group.  Bremer's declaration explains how he reviewed the withheld documents and why those documents were properly withheld under the FOIA.  Carr's declaration provides the details of her unsuccessful search for plaintiff's trust fund recovery penalty file.  Deposing these witnesses may enable plaintiff to gather additional facts relevant to the issue of whether the IRS complied with the FOIA.  See Pub. Citizen Health Res. Group v. Food & Drug Admin., 997 F. Supp. 56, 72 (D.D.C. 1998) (stating that scope of FOIA discovery includes "investigating the scope of the agency's search for responsive documents"), rev'd in part on other grounds, 185 F.3d 898 (D.C. Cir. 1999).

The Court agrees with plaintiff's argument that the first and second causes of action are

1 "inextricably intertwined". For example, the complaint alleges on information and belief that the
2 withheld documents would prove that the IRS authorized the Department of Justice to file the
3 March 2003 action even though the IRS lacked evidentiary support for the assessment of trust fund
4 recovery penalties. (Compl. ¶ 28.) Considering the interrelationship between the two causes of
5 action, the Court refuses to allow defendant to prevail on a motion for summary judgment on the
6 second cause of action, where the parties previously agreed to stay discovery because a dispositive
7 motion was pending as to the first cause of action. In this context, defendant's motion for
8 summary judgment on the FOIA claim potentially represents a preemptive effort to preclude
9 plaintiff from obtaining all discovery relevant to the § 7433 claim, which is the real crux of
10 plaintiff's case. FOIA-exempt documents "are not automatically privileged in civil discovery."
11 Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1185 (9th Cir. 2006) (citing Friedman v.
12 Bache Halsey Stuart Shields, Inc., 738 F.2d 1336, 1344 (D.C. Cir. 1984)). For these reasons, the
13 Court finds that plaintiff has adequately shown how the sought discovery would preclude summary
14 judgment.

15 In light of the Court's finding that plaintiff is entitled to conduct further discovery in this
16 case, the Court will deny the defendant's motion for summary judgment without prejudice. As the
17 magistrate judge previously vacated the pretrial dates in this matter (including discovery cut-offs),
18 the Court will direct the parties to contact the magistrate judge following the issuance of this
19 Order.[2]

20 **CONCLUSION**

21 Because plaintiff fails to state the particular statute or regulation that the IRS disregarded,
22 the Court **GRANTS** defendant's motion for judgment on the pleadings with respect to the first
23 cause of action. Within twenty (20) days of the date that this Order is electronically docketed,
24 plaintiffs **MAY FILE** an amended complaint to cure the pleading defects in the first cause of
25 action.

---

[2] Because the Court finds that plaintiff has satisfied its burden on both prongs of the Rule 56(f) inquiry, the Court declines to reach any of the merits of defendant's motion for summary judgment, including the issue of whether the IRS was improperly named as a defendant. See Garrett v. City & County of San Francisco, 818 F.2d 1515, 1519 (9th Cir. 1987) (citing cases for the proposition that it would be error to grant summary judgment while opposing party seeks additional discovery).

Pursuant to FRCP 56(f), the Court **DENIES WITHOUT PREJUDICE** defendant's motion for summary judgment.

The parties **SHALL JOINTLY CONTACT** the chambers of Magistrate Judge Cathy A. Bencivengo within three (3) Court days of the date that this Court's Order is electronically docketed, consistent with Magistrate Judge Bencivengo's prior orders. (<u>See</u> Doc. Nos. 31, 34.)

IT IS SO ORDERED.

DATED: March 13, 2008

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge