UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. SCHARRINGHAUSEN,<br><br>                                  Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                                  Defendant. | CASE NO. 06 CV 2167 JLS (CAB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO RECONSIDER**<br><br>(Doc. No. 62) |

Presently before the Court is the United States of America's ("Defendant" or "the government") motion to reconsider this Court's Order dated September 29, 2009. (Doc. Nos. 61, 62.) Also before the Court is Plaintiff's opposition and Defendant's reply. (Doc. Nos. 63, 64, 65.) For the reasons stated below, the Court **HEREBY GRANTS IN PART and DENIES IN PART** Defendant's motion to reconsider and **DISMISSES WITH PREJUDICE** Plaintiff's first cause of action insofar as it is based on alleged violations of 26 U.S.C. § 7602(c)(2) and 26 C.F.R. § 301.7602-1(c)(3)(ii).

### BACKGROUND

This action arises out of a default judgment entered by this Court in *United States v. Scharringhausen*, 226 F.R.D. 406, 413 (S.D. Cal. 2005) (the "underlying action"). In that case, the Court reduced outstanding federal tax assessments to judgment on default. *Id.* The present action asserts two causes of action in relation to the United States' alleged misconduct in seeking that judgment. The first cause of action in the Second Amended Complaint ("SAC") seeks

damages for four alleged violations of the Internal Revenue Code or Treasury Regulations pursuant to 26 U.S.C. § 7433.  (*See* SAC, Doc. No. 51, at 6-9.)  The second cause of action requests production of withheld records pursuant to 5 U.S.C. § 552 and is not at issue in the present motion.  (*Id.* at 9-11.)

On April 13, 2009, Defendant filed a motion to dismiss the first cause of action for lack of jurisdiction pursuant to Rule 12(b)(1) or, in the alternative, for failure to state a claim pursuant to Rule 12(b)(6).  (Doc. No. 53.)  Plaintiff filed an opposition and Defendant filed a reply.  (Doc. Nos. 56, 57.)  On September 29, 2009, this Court granted in part and denied in part Defendant's 12(b)(1) motion to dismiss for lack of jurisdiction.  (Doc. No. 61.)  The Court found that one of the four alleged violations asserted in the SAC, 26 U.S.C. § 7122, had not been administratively exhausted.  (*See id.* at 4-8.)  The Court then addressed Defendant's 12(b)(6) motion as to all remaining violations, which were violations of 26 U.S.C. § 7602(c)(2), 26 C.F.R. § 301.7602-1(c)(3)(ii) and 26 U.S.C. § 7491(a).  (*Id.* at 9-12.)  The Court denied Defendant's 12(b)(6) motion to dismiss as to all three violations.  (*Id.*)

On October 14, 2009, Defendant filed the present motion for reconsideration, asserting that the Court erred in denying its 12(b)(6) motion to dismiss the three alleged violations.  (Doc. No. 62.)  Plaintiff filed an opposition to the motion on November 19, 2009 (Doc. No. 63), and Defendant filed its reply on November 25, 2009.  (Doc. No. 65.)  The hearing scheduled for December 3, 2009 was thereafter vacated and the matter was taken under submission without oral argument.

## LEGAL STANDARD

District courts have the inherent authority to entertain motions for reconsideration of interlocutory orders. *Amarel v. Connell,* 102 F.3d 1494, 1515 (9th Cir.1996) ("[I]nterlocutory orders . . . are subject to modification by the district judge at any time prior to final judgment." (quoting *In re United States*, 733 F.2d 10, 13 (2nd Cir. 1984))); Fed. R. Civ. P. 54(b).  Although a district court may reconsider its decision for any reason it deems sufficient, generally a motion for reconsideration "is appropriate if the district court: (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is

an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Hydranautics v. FilmTec Corp.*, 306 F.Supp. 2d 958, 968 (S.D.Cal. 2003). Whether to grant or deny a motion for reconsideration is in the sound discretion of the district court. *Navajo Nation v. Norris,* 331 F.3d 1041, 1046 (9th Cir. 2003) (*citing Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

**DISCUSSION**

Defendant's motion for reconsideration is based on its argument that the Court committed clear error in its Order dated September 29, 2009 by denying its 12(b)(6) motion for failure to state a claim upon which relief may be granted.[1] (*See* Mot. to Reconsider at 4, 6, 8.) Specifically, the Court found that Plaintiff adequately pled violations of 26 U.S.C. § 7491(c), 26 U.S.C. § 7602(c)(2), and 26 C.F.R. § 301.7602-1(c)(3)(iii) sufficient to establish a cause of action for damages under 26 U.S.C. § 7433.[2] Defendant challenges each.

**I.      26 U.S.C. § 7491(c)**

Section 7491 governs the burden of proof and production in tax-related judicial proceedings. Section 7491(a) provides that the burden of proof shifts to the government where the "taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B[,]" subject to some limitations not relevant to this action. 26 U.S.C. § 7491(a)(1), (2). Section 7491(c), the provision allegedly violated in this matter, provides that the government "shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title." *Id.* § 7491(c). Section 7491(c) does not make reference to subtitle A or B, or any other specific subtitle.

Defendant first argues that, given the language in § 7491(a), § 7491(c) can only apply to taxes imposed pursuant to subtitle A or B, but that the Trust Fund Recovery Penalties (TFRP) at

---

[1] Defendant does not challenge this Court's jurisdictional findings.

[2] Plaintiff sought damages pursuant to 26 U.S.C. § 7433. (*See* SAC at 4.) To state a claim under § 7433, however, a plaintiff must allege violations of the Internal Revenue Code or Treasury Regulations as a basis for those damages. Thus, these three violations are those asserted as Plaintiff's basis for his entitlement to damages under § 7433.

1  issue in this action are imposed under 26 U.S.C. § 6672, which is located under subtitle F.
2  Defendant's argument confuses the burden of proof with the burden of production.
3       Under § 7491(a), the burden of proof does indeed shift to the government after the taxpayer
4  produces credible evidence for taxes imposed under subtitle A or B, which are income, estate and
5  gift taxes. 26 U.S.C. § 7491(a). The burden of proof, however, differs from the burden of
6  production, which is addressed by § 7491(c) and does not make reference to any subtitles and is an
7  independent subsection from the provision providing for when the burden of proof shifts to the
8  government. Thus, Defendant's contention that "Courts continue to assign the burden of proof to
9  the taxpayer in TFRP cases" is inapplicable to who holds the burden of production in TFRP cases.
10 (*See* Mot. to Reconsider at 5 (citing *United States v. White*, 466 F.3d 1241, 1248 (11th Cir. 2006);
11 *Moulton v. United States*, 429 F.3d 352, 357-58 (1st Cir. 2005); *Winter v. United States*, 196 F.3d
12 339, 345 (2d Cir. 1999).) The Court finds that section 7641(c) merely mandates that the burden of
13 production remains with the government with respect to a taxpayer's liability for any penalty,
14 notwithstanding the burden of proof or the taxpayer's introduction of credible evidence and without
15 limitation to specific subtitles of the Internal Revenue Code. Accordingly, Defendant's argument
16 that § 7491(c) applies only to taxes imposed pursuant to subtitles A and B, and therefore, "does not
17 apply to Trust Fund Recovery Penalties" is without merit.
18      The Court also rejects Defendant's argument that the TFRP is not a "penalty" for purposes
19 of § 7641(c) but rather is "more properly defined as a tax." (Mot. to Reconsider at 4.) Defendant
20 cites as support *United States v. Sotelo*, 436 U.S. 268, 275 (1978) and *In re Fiesole Trading Corp.*,
21 315 B.R. 198, 207 n.12 (Bk. Mass. 2004). The United States Supreme Court found:

> That the funds due are referred to as a "penalty" when the Government later seeks to recover them does not alter their essential character as taxes for purposes of the Bankruptcy Act, at least in a case in which, as here, the § 6672 liability is predicated on a failure to pay over, rather than a failure initially to collect, the taxes.

25 *Sotelo*, 436 U.S. at 275; *see also In re Fiesole*, 315 B.R. at 207 n.12 (listing cases viewing "the §
26 6672 assessment not as a true penalty, but as an alternate means to collect the same tax owed by the
27 corporation," but citing one exception (emphasis omitted)). Plaintiff, however, cites the Ninth
28 Circuit opinion *Duncan v. Comm'r Internal Revenue*, 68 F.3d 315, 318 (9th Cir. 1995). In *Duncan*,

the Ninth Circuit held that despite the Supreme Court's determination in *Sotelo*, the Ninth Circuit held that § 6672 "functionally operates as a penalty" and therefore may not be deducted for tax purposes as "non-business bad debt." 68 F.3d at 317-18.

Defendant argues that *Duncan* is inapplicable and non-controlling because "[t]he decision does not speak to whether, for the purposes of § 7491(c), an assessment under § 6672 is a 'tax' or a 'penalty.'" (Mot. to Reconsider at 4.) The same can be said, however, for the Supreme Court's decision in *Soleto*. As the Ninth Circuit stated in *Duncan*, the Supreme Court's decision

> involved dischargeability under the bankruptcy laws rather than deductibility under the tax laws. The Supreme Court held that the § 6672 obligations were not dischargeable under the bankruptcy laws for the same policy reasons that the Tax Court here held the payments were not deductible under the tax laws; liability incurred as a result of willful violations of the tax laws are liabilities founded upon conduct that neither the bankruptcy nor tax laws should condone.

68 F.3d at 318; *see also Mortenson v. National Union Fire Ins. Co.*, 249 F.3d 667, 671 (7th Cir. 2001) (holding that § 6672 assessments qualified as a "penalty" under the corporation's director's and officers' liability insurance).

There are no similar policy considerations as found in *Duncan* and *Soledo* for determining whether the TFRP constitutes a "penalty" or a "tax" for purposes of § 7491(c) and the burden of production. Further, the parties have not cited, nor has the Court found, any case law supporting one interpretation or the other in the context of § 7491(c). Accordingly, the Court will adhere to the face of the statute and find that, for purposes of § 7491(c), the Trust Fund Recovery Penalty is properly considered a "penalty" for which the government maintains the burden of production in a judicial proceeding.[3] Thus, the Court denies Defendant's motion for reconsideration on these grounds.

Defendant further argues that Plaintiff's damages claim for violation of § 7461(c) is an

---

[3] Defendant's contention in its reply that the legislative history of § 7491(c) indicates that this provision only applies to "cases involving penalties to which defenses such as reasonable cause may be applicable" is without merit. (Reply to Opp. at 4 (citing H.R. Conf. Rep. 105-559 at 241).) The legislative history discusses reasonable cause as an example of the scope of the government's burden of production, and is not controlling or indicative of whether or not § 7491(c) applies to liabilities imposed by § 6672.

1 impermissible attempt to collaterally attack the default judgment entered against him in the
2 original action. (Mot. to Reconsider at 5-6.) Defendant argues that, by entering default
3 judgment against Plaintiff, the district court and reviewing courts determined that the requisite
4 burden was met. Defendant contends that the proper remedy to challenge the production of false
5 documents by the IRS which allegedly met this burden is via "a Rule 60(b) motion [to set aside
6 final judgment] based on the discovery of new evidence or fraud in the original action." (*Id.* at
7 6.)

8 The cause of action is 26 U.S.C. § 7433(a), which is based in part on the government
9 negligently or intentionally disregarding 26 U.S.C. § 7491(c). The issue in this matter is not
10 whether the default judgment was correctly entered, but whether the government acted
11 negligently or intentionally in submitting allegedly false declarations or documents in support of
12 that default judgment. This is a different issue than that which would be raised by a Rule 60(b)
13 motion directly challenging the default judgment. As alleged in the Complaint and held in this
14 Court's motion to dismiss order, Plaintiffs have sufficiently set forth allegations that the
15 government violated section § 7491(c) and thus damages may be warranted under § 7433. The
16 Court, however, understands the impact of allowing a default judgment entered by another court
17 to stand while potentially finding that the documents submitted in support of that entry were
18 false. But, the Court is making no determination as to whether these allegations will survive as a
19 matter of law at a motion for summary judgment stage and therefore create this disparate result;
20 the Court merely holds that, under the review applicable to a 12(b)(6) motion to dismiss,
21 Plaintiff has adequately pled a cause of action for damages under § 7433(a).[4] Thus, Defendant's
22 motion to reconsider this Court's order denying dismissal of the first cause of action to the extent
23 it relied on a violation of § 7491(c) is denied.
24 //
25
26

---

27 [4] Moreover, Plaintiff's briefing on this argument that this claim is an improper collateral attack
consisted of a paragraph within its motion and a sentence or two in its reply. (*See* Doc. No. 53 at 10;
28 Doc. No. 57 at 2-3.) To now expand on this argument in its motion for reconsideration in an effort to
have the Court reconsider its order is improper.

## II. 26 U.S.C. § 7602(c)(2)

Section 7602(c)(2) of the Internal Revenue Code requires the Secretary to periodically or upon request by the taxpayer give notice to the taxpayer of persons contacted during an investigation or collection of the tax liability of that taxpayer. *See* 26 U.S.C. 7602(c)(2). Plaintiff alleges that Revenue Agent Phan failed to give him proper notice of third party summons issued in connection with Agent Phan's investigation. In its motion to dismiss, Defendant argued that this claim was precluded under the doctrine of res judicata because the district court in the underlying action held that Defendant performed all administrative steps, including § 7602(c)(2), when it validated and enforced the summonses at issue in the present action. *See Scharringhausen v. United States*, 2003 WL 352764 (S.D. Cal. 2003). This Court, however, found that the district court's determination was not a final judgment on the merits because the government's burden was only a prima facie showing and therefore the claim pursuant to § 7602(c)(2) was not precluded under the doctrine of res judicata. *See Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 880 n.5 (9th Cir. 2007) ("Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action."); *see also Cent. Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002).

In its motion for reconsideration, Defendant argues that the Court misconstrued the effect of the underlying decision validating and enforcing the summons and that this enforcement order was in fact a "final decision on the merits." In its motion to dismiss, Defendant presented no authority as to why the validation of a summons was a final decision on the merits subject to res judicata. (*See* Doc. No. 53 at 12.) In fact, Defendant did not even set forth the requisite elements of the doctrine. Defendant merely cited the validation decision and noted that the district court found that all "administrative steps" had been met, and therefore concluded that Plaintiff's § 7602(c)(2) claim was precluded. In its motion for reconsideration, however, Defendant presents United States Supreme Court authority that summons enforcement orders are

1  subject to appellate review and therefore "final decisions on the merits."[5] Specifically, the

2  Supreme Court held in *Church of Scientology of Cal. v. United States*, that summons

3  enforcement orders are final orders subject to appellate review.[6] *See* 506 U.S. 9, 15, 18 n.11

4  (1992); *see also United States v. Rockwell Intern.*, 897 F.2d 1255, 1260 (3d Cir. 1990) ("It is

5  clear that the district court's decision was a 'final judgment on the merits of the only matter

6  before the court–the petition to enforce the summons–and there was nothing left for the court to

7  do but execute the judgment'" (quoting *United States v. Allee*, 888 F.2d 208, 212 (1st Cir.

8  1989)); *United States v. Fitzpatrick*, 2007 WL 1341391, *2 (D. Ariz. May 7, 2007)

9  ("[R]espondent first correctly notes that 'a district court order enforcing an IRS Summons is an

10 appealable final order." (citing *Church of Scientology*, 506 U.S. at 18 n.11)). In order for an

11 appellate review to be appropriate, there must be a "final decision" of a district court. *See* 28

12 U.S.C. § 1291.

13     Generally, a court will not consider arguments and authority raised for the first time on

14 reconsideration that should have but were not presented in the original motion and briefing

15 papers. However, given the United States Supreme Court authority now before the Court, the

16 Court finds that it would be manifestly unjust and clear error of law to allow this claim to

17 proceed despite the clear preclusive effect of the validation and enforcement order. *See*

18 *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (noting that a motion to reconsider

19 is an "extraordinary remedy that should be used sparingly" but that one ground for

20 reconsideration is if it "is necessary to correct manifest errors of law or fact upon which the

21 judgment is based."). Accordingly, the Court grants Defendants' motion to reconsider the

22 viability of this claim and dismisses Plaintiffs' first cause of action to the extent it is based on a

23 violation of § 7602(c)(2) with prejudice pursuant to the doctrine of res judicata..

24

---

25     [5] Importantly, whether the enforcement order was a final decision on the merits as to the compliance with 26 U.S.C. § 7602(c)(2) was the only issue regarding res judicata that was contested
26 by Plaintiff at the motion to dismiss and reconsideration stage.

27     [6] The Supreme Court declined to specifically address the res judicata argument raised by the government, presumably because it was unnecessary to resolve the issue of mootness, which was the
28 issue in that case. *See Church of Scientology*, 506 U.S. at 18. This lack of opinion, however, is irrelevant to this Court's current determination because the law remains clear that a summons enforcement order is an appealable final decision on the merits. *See id.* at 15, 18 n.11.

### III. 26 C.F.R. § 301.7602-1(c)(3)(ii)

Treasury Regulation § 301.7602-1(c)(3)(ii) prohibits the government from issuing or enforcing a summons that has been issued while a criminal investigation by the Justice Department is in effect. *See* 26 C.F.R. § 301.7602-1; *see also* 26 U.S.C. § 7602(d) ("No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if the Justice Department referral is in effect with respect to such person."). Plaintiff contends that the IRS violated this regulation by issuing summonses to third persons pursuant to the investigation as to the 1999, 2000, and 2001 tax years prior to the termination of any previous justice department referral arising out of the underlying criminal action.

The Court finds, in accordance with the analysis regarding § 7602 above, that this claim is also barred under the doctrine of res judicata given the determination by the district court in *Scharringhausen*, 2003 WL 352764. As explained above, the district court in that action found that all administrative steps required by the Code had been followed in the issuance of the summonses. *Id.* at * 4. These administrative steps include compliance with 26 U.S.C. § 7602 and its regulations, including 26 U.S.C. § 7602(d) and 26 C.F.R. § 301.7602-1(c)(ii)(3). In that enforcement action, after the IRS made a prima facie showing that all administrative steps had been met, Plaintiff then had the burden to disprove that such steps had not in fact been taken or to demonstrate an abuse of process or bad faith. *See United States v. Blackman*, 72 F.3d 1418, 1422 (9th Cir. 1995). Plaintiff did not do so. As explained above, the district court's summons validation and enforcement order is therefore an appealable final decision on the merits. Plaintiff cannot now reargue Defendant's alleged administrative noncompliance with the Internal Revenue Code and its regulations. Thus, Plaintiff's first cause of action as it is based on a violation of 26 C.F.R. § 301.7602-1(c)(3)(ii) is precluded under the doctrine of res judicata. Thus, consistent with the above analysis, the Court grants Defendant's motion to reconsider and dismisses, with prejudice, Plaintiff's first cause of action for damages under 26 U.S.C. § 7433

insofar as it is based on a violation of 26 C.F.R. § 301.7602-1(c)(3)(ii).[7]

**CONCLUSION**

For those reasons, the Court grants in part and denies in part Defendants' motion to reconsider this Court's Order dated September 29, 2009. (Doc. No. 61.) In granting in part Defendants' motion to dismiss, the Court hereby dismisses Plaintiff's first cause of action alleged in its Second Amended Complaint insofar as it is based on alleged violations of 26 U.S.C. § 7602(c)(2) and 26 C.F.R. § 301.7602-1(c)(3)(ii). The Court, however, denies Defendant's motion to reconsider its Order denying Defendant's motion to dismiss the first cause of action to the extent it is based on a violation of 26 U.S.C. § 7491(c).

IT IS SO ORDERED.

DATED: July 12, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[7] Accordingly, the Court need not address the other bases presented by Defendant for reconsideration of this claim.