# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. SCHARRINGHAUSEN,<br><br>        Plaintiff,<br>   vs.<br><br>UNITED STATES OF AMERICA and THE INTERNAL REVENUE SERVICE,<br><br>        Defendants. | CASE NO. 06cv2167 JLS (CAB)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION TO STAY (2) DISMISSING PLAINTIFF'S MOTION TO EXPEDITE HEARING ON MOTION TO STAY (3) VACATING HEARING**<br><br>(Doc. Nos. 69, 81, & 82.) |

Presently before the Court is Plaintiff's motion to stay further proceedings pending appeal (Doc. No. 81), Plaintiff's motion to expedite hearing on the motion to stay (Doc. No. 82), and Defendants' motion for judgment on the pleadings. (Doc. No. 69).

**Motion to Stay Further Proceedings**

Plaintiff filed a notice of appeal (Doc. No. 77) as to this Court's order partially dismissing Plaintiff's first cause of action. (Doc. No. 67.) Plaintiff basis its motion to stay on the pending appeal. The Court's order partially dismissing the first cause of action is not a final order and cannot be appealed. Nor is it an appealable collateral order. For the reasons stated below, Plaintiff's motion to stay is **DENIED**.

The Court's order partially dismissing the first cause of action cannot be appealed, because an order that adjudicates fewer than all claims of all parties is not an appealable final order. *See*

*Frank Briscoe Co. v. Morrison-Knudsen Co.*, 776 F.2d 1414, 1416 (9th Cir.1985).  This Court must still consider Plaintiff's first cause of action with regard to alleged violations of 26 U.S.C. § 7491(c) and Plaintiff's second cause of action against the Internal Revenue Service.  (Doc. No. 67.)  Additionally, because the notice of appeal refers to a non-appealable interlocutory order, this Court retains jurisdiction over the case.  *See Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007).

Plaintiff also argues that the Court's order partially dismissing the first cause of action is appealable based on the collateral order doctrine.  (Doc. No. 81-1 at 3.)  Plaintiff asserts that the Court's reliance on *Church of Scientology of California v. United States*, 506 U.S. 9 (1992), to support its reversal of a previous order—thereby partially dismissing the first cause of action—is in clear error.  (Doc. No. 81-1at 4.)  Plaintiff argues that determining whether the Court's reliance is in clear error is an "important issue completely separate from the merits of the action," satisfying a requirement of the collateral order doctrine.  This Court disagrees.  Whether the Court committed clear error in relying on *Church of Scientology* is not the type of issue necessary to overcome the stringent requirements of the collateral order doctrine.  To delay review on this issue would not "imperil a substantial public interest" or "some particular value of high order."  *Will v Hallock*, 546 U.S. 345, 352–53 (2006).

**Motion to Expedite Hearing on the Motion to Stay**

The motion to expedite hearing on the motion to stay is hereby **DISMISSED** as moot.

**Motion for Judgment on the Pleadings**

The motion hearing concerning Defendant's motion for judgment on the pleadings, set for Thursday, September 30, 2010, is **HEREBY VACATED**, and the motion is taken under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**IT IS SO ORDERED.**

DATED:  September 25, 2010

Honorable Janis L. Sammartino
United States District Judge