1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ROBERT M. SCHARRINGHAUSEN,

                                        Plaintiff,

        vs.

UNITED STATES OF AMERICA and the
INTERNAL REVENUE SERVICE,

                                        Defendants.

CASE NO. 06 CV 2167 JLS (CAB)

**ORDER GRANTING
DEFENDANT'S MOTION FOR
JUDGMENT ON THE
PLEADINGS**

(Doc. No. 69.)

        Presently before the Court is the United States of America's ("Defendant" or "the government") motion for judgment on the pleadings dated July 26, 2010.  (Doc. No. 69.)  For the reasons stated below, the Court hereby **GRANTS** Defendant's motion for judgment on the pleadings.

## BACKGROUND

        This action arises out of a 2003 default judgment entered by this Court in *United States v. Scharringhausen*, 226 F.R.D. 406 (S.D. Cal. 2005).  In that case, the United States commenced a tax assessment action against Robert Scharringhausen, the plaintiff in this action. *Id.* And that case concluded when the Court reduced certain federal tax assessments to judgment and entered a default judgment against Plaintiff.  *Id.* at 407.

        In the present case, Plaintiff alleges that the United States violated 26 U.S.C. § 7433 ("First Cause of Action") when it improperly pursued the 2003 action against him and submitted false

1   declarations in that case.  (Doc. No. 51.)  The basis for the first cause of action were alleged

2   violations of 26 U.S.C §§ 7122, 7401(c), 7602(c)(2), and 26 C.F.R. § 301.7602-1(c)(3)(ii).  (*Id.*

3   ¶¶ 32, 41–43.)  Plaintiff also asserts a cause of action ("Second Cause of Action") against the IRS

4   for withholding documents related to the 2003 cause of action.  (*Id.* ¶ 47.)

5          This Court partially dismissed the first cause of action on July 12, 2010.  (Doc. No. 67.)

6   The Court dismissed with prejudice Plaintiff's first cause of action insofar as it was based on

7   alleged violations of 26 U.S.C. § 7602(c)(2) and 26 C.F.R § 301.7602-1(c)(3)(ii).  (*Id.* at 10.)  The

8   Court also dismissed the first cause of action as it related to 26 U.S.C. § 7122 for lack of subject

9   matter jurisdiction.  (*Id.* at 8.)  The Court, however, did not deny Plaintiff's first cause of action

10  insofar as it is based on a violation of 26 U.S.C. § 7491(c).  Following the partial dismissal,

11  Defendant filed the present motion for judgment on the pleadings.  (Doc. No. 69.)  Plaintiff

12  opposed on September 16, 2010.  (Doc. No. 80.)

13                                      **LEGAL STANDARD**

14         "After the pleadings are closed, but within such time as not to delay the trial, any party

15  may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A motion for judgment on the

16  pleadings attacks the legal sufficiency of the claims alleged in the complaint.  This Court must

17  construe "all material allegations of the non-moving party as contained in the pleadings as true,

18  and [construe] the pleadings in the light most favorable to the [non-moving] party." *Doyle v.*

19  *Raley's Inc.*, 158 F.3d 1012, 1014 (9th Cir. 1998).  "Judgment on the pleadings is proper when the

20  moving party clearly establishes on the face of the pleadings that no material issue of fact remains

21  to be resolved and that it is entitled to judgment as a matter of law."  *Hal Roach Studios, Inc. v.*

22  *Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).  "The standard for granting a

23  Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for

24  failure to state a claim."  *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d

25  Cir. 2001); *accord Spivey v. Ohio*, 999 F. Supp. 987, 991 (N.D. Ohio 1998) (where motion for

26  judgment on the pleadings raises a Rule 12(b)(6) defense, court properly applies the standard for a

27  Rule 12(b)(6) motion).

28  ///

**DISCUSSION**

**I.     The Law of the Case Doctrine**

Plaintiff argues in its opposition to the motion for judgment on the pleadings that this Court is precluded from reexamining the applicability of 26 U.S.C. § 7491(c) to the facts of this case. Under the "law of the case" doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993). Plaintiff argues that § 7491(c)'s applicability had already been implicitly decided when the Court stated that the issue in this case was whether the government acted negligently or intentionally in submitting allegedly false declarations or documents in the 2003 case. (Doc. No. 67 at 6.) The Court made no finding regarding the effective date of the statute and does not believe that the law of the case doctrine applies.

Nonetheless, in the interest of avoiding clear error, the Court considers Plaintiff's argument. An exception to the "law of the case" doctrine is that the Court may depart from the doctrine when "the first decision was clearly erroneous." *Thomas*, 983 F.2d at 155. For the purposes of this order, the Court will assume its prior order was erroneous.

**II.     First Cause of Action**

Plaintiff's theory of recovery is as follows. Plaintiff filed suit under 26 U.S.C. § 7433 for civil damages. Section 7433 allows plaintiffs to recover damages if the IRS recklessly, intentionally, or negligently, disregards any provision of Title 26. Plaintiff alleges that the IRS violated 26 U.S.C. § 7491(c) in the 2003 action when it submitted allegedly false declarations or documents in support of default judgment. This is a violation, Plaintiff alleges, because § 7491(c) states that the IRS has the "burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount" imposed by Title 26. 26 U.S.C. § 7491(c). The present case then, is about whether Defendant violated § 7491(c) during the 2003 action against Plaintiff.

Defendant argues in the motion for judgment on the pleadings that Plaintiff has no claim for damages under § 7491(c). Section 7491(c) was enacted and took effect on July 22, 1998. In the notes accompanying the statute, Congress indicated the statute's applicability as follows:

06cv2167

1   (1) In General.  The amendments made by this section shall apply to court
2   proceedings arising in connection with examinations commencing after the date
3   of the enactment of this Act.
4   (2) Taxable Periods or Events After Date of Enactment.  In any case in which
5   there is no examination, such amendments shall apply to court proceedings
6   arising in connection with taxable periods or events beginning or occurring after
7   such date of enactment.
8   Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, § 3001(c), 112
9   Stat. 685 (1998).
10   Defendant argues that Plaintiff cannot recover damages under § 7491(c) because that
11   section does not apply to Plaintiff's claim.  According to Defendant's interpretation of § 7491, in a
12   case where "there is no examination of the underlying tax liabilities at issue[,] § 7491 applies in
13   court proceedings arising in connection with taxable periods or events beginning or occurring after
14   July 22, 1998."  (Doc. No. 69-1 at 4.)  And because Plaintiff alleges a violation of § 7491(c)
15   associated with the tax period ending in December 31, 1990, § 7491(c) does not apply.
16   The question before this Court is whether § 7491(c) applies to Defendant's actions in and
17   related to the 2003 action against Plaintiff.  Determining § 7491(c)'s applicability begins with
18   defining "examination."  The Court does so because Plaintiff finds issue with the lack of "statute
19   or case which defines what an 'examination' is."  (Doc. No. 80 at 3 n.1.)  The Court finds that an
20   "examination" for the purposes of this statutory section includes audits, "the matching of an
21   information return against amounts reported[,] . . . and the review of a claim for refund."  *See*
22   H.R.Conf. Rep. 105-599, 105th Cong., 2d Sess., 1998 U.S.C.C.A.N. 288, 1998 WL 915495, at
23   *242 (June 24, 1998).
24   Next, the Court must determine whether § 7491(c) applies.  As Congress stated in the notes
25   accompanying § 7491(c), it intended the statute to apply in two situations.  The first situation is in
26   court proceedings arising in connection with examinations commencing after July 22, 1998.  The
27   second situation is when the court proceeding did not arise in connection with an examination, in
28   which case § 7491(c) applies to court proceedings arising in connection with taxable periods or

1    events beginning or occurring after July 22, 1998.

2          The Court finds that neither situation applies.  Defendant initiated the 2003 action against

3    Plaintiff in order to collect "federal income tax liabilities for the 1991 and 1992 tax years as well

4    as trust fund recovery penalty assessments" for the 1990 and 1991 tax periods.  *U.S. v.*

5    *Scharringhausen*, 226 F.R.D. 406, 407 (S.D. Cal. 2005); *U.S. v. Scharringhausen*, 92 A.F.T.R.2d

6    2003-7354 (S.D. Cal. 2003).  The Court is unaware of any examinations related to those tax years

7    because Plaintiff does not allege any.  Presumably, the examinations occurred prior to making any

8    assessments, but the Plaintiffs make no allegations to that affect.  And without any allegations

9    regarding when any examinations occurred, Plaintiffs have failed to establish that § 7491(c)

10   applies to the 2003 action.  The Court cannot find that the 2003 proceeding arose in connection

11   with an examination commencing after July 22, 1998.

12         Plaintiff argues in its opposition to the motion for judgment on the pleadings that the 2003

13   action did arise in connection with an examination commencing after July 22, 1998.  Plaintiff

14   alleges that the 2003 action was brought in connection with "Agent Phan's examination of books

15   and records concerning plaintiff, and IRS employee J. Piazza's alleged examination of records

16   relating to plaintiff in 2003."  (Doc. No. 80 at 3.)  If Agent Phan and Mr. Piazza were "examining"

17   Plaintiff at all, they were doing so in relation to "Mr. Scharringhausen's 1999, 2000, and 2001" tax

18   years.  (Doc. No. 51 ¶ 4.)  These tax years are completely unrelated to the tax years relevant to the

19   2003 action.  The Court can find no reasonable interpretation of the first applicability note that

20   would apply § 7491(c) in this situation.

21         The second applicability note also does not apply.  Assuming the 2003 action was not

22   brought in connection with an examination, § 7491(c) would apply if the case was brought in

23   connection with taxable periods or events beginning or occurring after July 22, 1998.   But it was

24   not.  Plaintiff alleges a violation of § 7491(c) because "the IRS knew it did not have evidentiary

25   support relating to the TFRP for the tax period ending December 31, 1990."  (*Id.* ¶ 31.) The tax

26   period ending December 31, 1990 was before July 22, 1998, and thus § 7491(c) does not apply.

27   There are also no relevant events occurring after July 22, 1998.

28         Congress intended § 7491(c) to apply in two situations, neither of which are found in this

06cv2167

1    case.  As a result, Defendant is entitled to a judgment as a matter of law with regard to this claim.

2    **II.        Second Cause of Action**

3            Plaintiff's second cause of action is a Freedom of Information Act (FOIA) claim.  Plaintiff

4    requests the release of information which "is essential to plaintiff's present action," because it

5    appears to indicate that the IRS authorized the Department of justice to file the 2003 claim against

6    Plaintiff.  (*Id.* ¶ 49.)  In light of previous orders partially dismissing the first cause of action with

7    prejudice and the present finding that § 7491(c) is not applicable, Plaintiff is without a first cause

8    of action, and the FOIA request is moot.

9                                              **CONCLUSION**

10            For the reasons stated above, the Court **GRANTS** Defendant's motion for judgment on the

11    pleadings.

12            **IT IS SO ORDERED.**

13

14    **DATED:  October 5, 2010**

15                                                        *Janis L. Sammartino*
                                                         **Honorable Janis L. Sammartino**
16                                                        **United States District Judge**

17

18

19

20

21

22

23

24

25

26

27

28